Phillip E. Benson, CA Bar #97420
WARREN ■ BENSON Law Group
620 Newport Center Dr., Ste 1100
Newport Beach, CA 92660
Tel: 949-721-6636; Fax: 952-955-5177
philbenson@warrenbensonlaw.com

Attorneys for *Qui Tam* Plaintiff
Jack Chin

FILED
CLERK, U.S. DISTRICT COURT
APR 27 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

2009 APR 27 AM 10: 47
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

LODGED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, NEVADA, NEW HAMPSHIRE, NEW MEXICO, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA and WISCONSIN and THE DISTRICT OF COLUMBIA ex rel. JACK CHIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN COMPANY, RITE AID CORPORATION and CVS CAREMARK CORPORATION,<br><br>Defendants. | Case No. CV 09-1293 PSG [PJWx]<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**[FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)]** |

BY FAX

DOCKETED ON CM
APR 29 2009
BY _____ 216

FIRST AMENDED COMPLAINT

- 1 -

# ORIGINAL

1
Phillip E. Benson, CA Bar #97420
WARREN ■ BENSON Law Group
2
620 Newport Center Dr., Ste 1100
Newport Beach, CA 92660
3
Tel: 949-721-6636; Fax: 952-955-5177
philbenson@warrenbensonlaw.com
4

5
Attorneys for *Qui Tam* Plaintiff
Jack Chin

6

7

8
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9

10

UNITED STATES OF AMERICA, THE
11 STATES OF CALIFORNIA, DELAWARE,
FLORIDA, GEORGIA, HAWAII,
12 ILLINOIS, INDIANA, LOUISIANA,
MASSACHUSETTS, MICHIGAN,
13 NEVADA, NEW HAMPSHIRE, NEW
MEXICO, OKLAHOMA, RHODE
14 ISLAND, TENNESSEE, TEXAS,
VIRGINIA and WISCONSIN and THE
15 DISTRICT OF COLUMBIA ex rel. JACK
CHIN,
16
                        Plaintiffs,
17        vs.

18 WALGREEN COMPANY, RITE AID
CORPORATION and CVS CAREMARK
19 CORPORATION,
20                        Defendants.

Case No. CV 09-1293 PSG [PJWx]

**FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

**[FILED IN CAMERA AND UNDER
SEAL PURSUANT TO 31 U.S.C. §
3730(b)(2)]**

BY FAX

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

- 1 -

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, *Qui Tam* Plaintiff Jack Chin, by and through his attorneys, brings this amended complaint on behalf of the United States, the States of California, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Nevada, New Hampshire, New Mexico, Oklahoma, Rhode Island, Tennessee, Texas, Virginia and Wisconsin, the District of Columbia and on his own behalf as follows:

## I.

## JURISDICTION

1.      This is an action for civil damages and penalties arising under the laws of the United States and the laws of various states to redress violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* and analogous state laws. This Court has subject matter jurisdiction pursuant to 31 U.S.C. §§ 3732(a) and (b) because the defendants transact business in this district and can be found in this district. This court has supplemental jurisdiction over the state law claims for violations of the analogous state law statutes under 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b).

## II.

## VENUE

2.      Venue is proper in this district under 31 U.S.C. § 3732(a) because the defendants transact business in this district and can be found in this district.

## III.

## PARTIES

3.      *Qui Tam* plaintiff Jack Chin ("Chin") is a citizen of the United States. Chin, who holds a B.S. degree in chemistry from New York University and a Doctorate in Pharmacy from Temple University, has practiced as a licensed pharmacist in the private retail sector for the past two years. Chin is unaware of any prior public disclosure of the allegations in this case, but if any such public disclosure has occurred, Chin qualifies as an original source.

4.      Defendant Walgreen Company ("Walgreen") is a for profit Illinois Corporation

FIRST AMENDED COMPLAINT

- 2 -

1   that owns and operates a nationwide chain of retail pharmacies under the "Walgreens" brand

2   throughout the United States. Walgreen is headquartered at 200 Wilmot Road, Deerfield, Il,

3   60015.

4        5.     Defendant Rite Aid Corporation ("Rite Aid") is a for profit Delaware Corporation

5   that owns and operates a nationwide chain of retail pharmacies under the Rite Aid brand

6   throughout the United States. Rite Aid is headquartered at 30 Hunter Lane, Camp Hill,

7   Pennsylvania 17011.

8        6.     Defendant CVS Caremark Corporation ("CVS") is a for profit Delaware

9   Corporation that owns and operates a nationwide chain of retail pharmacies under the CVS and

10  Longs Drug brands throughout the United States. CVS is headquartered at One CVS Drive,

11  Woonsocket, Rhode Island 02895.

12       7.     At all times relevant hereto, defendants acted through their agents and employees

13  and the acts of defendants' agents and employees were within the scope of such agency and

14  employment.

15  **IV.**

16  **FIRST CLAIM AGAINST WALGREEN, RITE AID AND CVS**

17  **FOR VIOLATION OF 31 U.S.C. §§ 3729(a)(1) and (a)(2)**

18       8.     Chin incorporates by reference herein the allegations made above in paragraphs

19  1-7, inclusive.

20       9.     Walgreen, Rite Aid and CVS pharmacies are approved suppliers and providers of

21  pharmaceuticals, prescription drugs and other medical supplies to eligible beneficiaries of

22  federally sponsored and funded health care programs, including Medicare, Tricare and Medicaid.

23  Medicare and Tricare are solely funded by the federal government.  Medicare is a health insurance

24  program for the aged and disabled under Title XVIII of the Social Security Act. Part B of

25  Medicare pays for a limited set of outpatient drugs and biologic products. Part C of Medicare, the

26  Medicare Advantage ("MA") Program, provides for prescription drug coverage for eligible

27  Medicare beneficiaries who select to join an MA plan which includes prescription drug coverage.

28

FIRST AMENDED COMPLAINT

- 3 -

1    Part D of Medicare pays for expanded outpatient prescription drug coverage to eligible
2    beneficiaries through third-party insurance plans, otherwise known as Part D Plans ("PDPs").
3    Tricare is an agency of the U.S. Department of Defense that administers and supervises the health
4    care program for certain active duty and retired military personnel and their dependants and pays
5    for prescription drugs supplied by pharmacies to eligible beneficiaries.

6          10.    Medicaid is medical assistance provided for certain low-income individuals under
7    a state plan approved under Title XIX of the Social Security Act. State Medicaid, which is
8    partially funded by the United States Government and partially funded by the state, pays for
9    prescription drugs supplied by pharmacies to eligible beneficiaries. Participation in each state's
10   Medicaid program is determined by regulations set by each state. Generally, each state assigns
11   providers, including participating pharmacies, a unique identification number which is included
12   on each electronic claim for reimbursement. Affixing this number to a claim certifies, under each
13   state's Medicaid regulations, that as a Medicaid provider the pharmacy is in compliance with all
14   applicable state and federal regulations.

15         11.    The Federal Anti-Kickback Statute prohibits any person or entity from knowingly
16   and willfully offering to pay any remuneration, directly or indirectly, overtly or covertly, in cash
17   or in kind to any person to induce such person to purchase, order, or arrange for ordering any good
18   or item for which payment may be made in whole or in part under a federal health care program.
19   42 U.S.C. § 1320a-7b(b). The related Beneficiary Inducements Statute prohibits "offers to or
20   transfers [of] remuneration to any individual eligible for benefits under [Federal health care
21   programs] that such person knows or should know is likely to influence such individual to order
22   or receive from a particular provider, practitioner or supplier any item or service for which
23   payment may be made, in whole or in part, under [federal health care programs]." 42 U.S.C. §
24   1320a-7a(a)(5).

25         12.    As a condition of enrollment as approved suppliers and providers of
26   pharmaceuticals, prescription drugs and other medical supplies to eligible beneficiaries of the
27   federally sponsored health care programs, Walgreen, Rite Aid and CVS certified that they

28
                                           FIRST AMENDED COMPLAINT

                                                  - 4 -

1  understood and agreed that payment of a claim by the federally sponsored health care programs

2  was conditioned on the claim and the underlying transaction complying with the Federal Anti-

3  Kickback Statute, among other laws, regulations and program instructions, including the

4  Beneficiary Inducements Statute. (See e.g. CMS-855S, Section 15). Additionally, the defendants'

5  pharmacy agreements with various PDPs, MA plans and Pharmacy Benefit Management Plans

6  ("PBMs"), wherein payment to the defendants is made under federally sponsored health care

7  programs, were conditioned on the defendants' compliance with all applicable laws and

8  regulations, including the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute,

9  and that any covered services provided by the defendants, including the sale of pharmaceuticals,

10  prescription drugs and other medical supplies to eligible beneficiaries of the federally sponsored

11  health care programs, would be done in compliance with their contractual obligations, including

12  compliance with the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute.

13  Compliance with the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute is a

14  prerequisite to payment of federal funds. A violation of the Federal Anti-Kickback Statute or the

15  Beneficiary Inducements Statutes vitiates a provider's right to receive or retain federal funds

16  arising from the related claim. A claim for payment submitted by a provider that has violated the

17  Federal Anti-Kickback Statute or the Beneficiary Inducements Statute is a false claim for payment

18  in violation of the False Claims Act.

19       13.    Chin is informed and believes, and hereby alleges, that at various times during the

20  course of the last ten years, the defendants have paid unlawful remuneration to numerous eligible

21  beneficiaries of the federally sponsored health care plans and programs in violation of the Federal

22  Anti-Kickback Statute and the Beneficiary Inducements Statute to induce such persons to

23  purchase, order, or arrange to order or otherwise influence such persons to order prescription

24  drugs and other medical supplies from the defendants' pharmacies for which payment would be

25  made in whole or in part under a federal health care program. Specifically, defendants have given

26  to such eligible beneficiaries gift cards valued in the amount of $25 and in other varying amounts

27  which were more than nominal in order to induce such beneficiaries to transfer their patronage

28

FIRST AMENDED COMPLAINT

- 5 -

and to purchase prescription drugs and other medical supplies from the defendants. Defendants knew that such inducements offered to beneficiaries of publicly funded programs were unlawful and expressly acknowledged the unlawfulness of such inducements in the fine print of written materials advertising such gift cards in return for prescription transfers.

14.     Chin first obtained knowledge of the defendants' unlawful practices during his employment as a retail pharmacist by the Sweetbay Supermarket Company which operates a chain of supermarkets in the Southeast United States. On numerous occasions, Medicare and Medicaid beneficiaries and other federally funded health care program enrollees would present prescription transfer gift cards obtained from Walgreen and CVS pharmacies and other large nation-wide pharmacy chains to him at Sweetbay and request that Sweetbay honor the gift cards as credits against purchases at Sweetbay. In order to remain competitive, Sweetbay would normally honor a competitor's gift cards, except that Chin refused to honor them if he determined that the customer was a Medicare or Medicaid beneficiary or an enrollee in a publicly funded health care program. These customers informed Chin that the defendants had provided them the gift cards in return for transferring their prescriptions to the defendants' pharmacies and purchasing prescription drugs from the defendants.

15.     In order to confirm the reports that he had received from customers who were enrollees or beneficiaries of federally funded health care programs that they had unlawfully received gift cards from the defendants in return for transferring their prescriptions to the defendants' pharmacies and for purchasing prescription drugs from the defendants, Chin decided to investigate. His investigation has confirmed that the defendants' unlawful practices are being committed on a nation-wide basis.

A.     On January 31, 2009, Chin presented a prescription for his father-in-law to a Walgreens pharmacy in Clermont, Florida. The information Chin provided to the Walgreen pharmacy informed the pharmacy that his father-in-law was a beneficiary of a federally funded health care program and the pharmacy billed the federal program for the prescription drug. When Chin returned to the pharmacy to pick up the prescription drug, he asked about the $25 gift card

FIRST AMENDED COMPLAINT

- 6 -

1   for prescription drug transfers then being advertised by Walgreen and was handed a $25 gift card

2   by the Walgreen employee along with the prescription drugs for his father-in-law and a receipt

3   showing the Walgreens store, the date and time of the transaction, the purchase of the

4   prescription drug identified by an RX identification number, the co-pay Chin paid for the

5   prescription and the $25 gift card.

6           B.     On February 1, 2009, Chin repeated the same procedure for his mother-in-

7   law's drug prescription at a CVS pharmacy in Clermont, Florida. Like his father-in-law's

8   prescription, the information that Chin provided the CVS pharmacy informed the pharmacy that

9   his mother-in-law was the beneficiary of a federally funded health care program. The pharmacy

10   billed the federal program for the prescription drug and gave Chin a $25 gift card for the

11   prescription transfer after Chin asked about the $25 gift card then being advertised by CVS. The

12   receipt received by Chin from the CVS pharmacy also identified the CVS store, the date and time

13   of the transaction, the prescription by an RX identification number, the co-pay paid by Chin for

14   the prescription drugs and the $25 gift card.

15           C.     On April 1, 2009, Chin repeated the same procedure for his father-in-law's

16   drug prescription at a CVS pharmacy in Dothan, Alabama. The information that Chin provided

17   the CVS pharmacy informed the pharmacy that his father-in-law was the beneficiary of a federally

18   funded health care program. The pharmacy billed the federal program for the prescription drug

19   and gave Chin a $25 gift card for the prescription transfer after Chin asked about the $25 gift card

20   then being advertised by CVS. The receipt received by Chin from the CVS pharmacy also

21   identified the CVS store, the date and time of the transaction, the prescription by an RX

22   identification number, the co-pay paid by Chin for the prescription drugs and the $25 gift card.

23           D.     On or about March 24, 2009, T.O.. who is a beneficiary of a

24   federally funded health care program, presented her prescription as a new customer to a

25   Walgreens pharmacy in Aurora, Colorado. The information T.O. provided to the Walgreens

26   pharmacy informed the pharmacy that she was a beneficiary of a federally funded health care

27   program under Medicare Part D. The pharmacy billed the federal program for the prescription

28

FIRST AMENDED COMPLAINT

1    drug and charged T.O. a co-pay. When T.O. asked about the $25 gift card for prescription drug

2    transfers then being advertised by Walgreen, she was handed a $25 gift card by the Walgreens

3    employee. The RX number for the prescription filled for T.O. by the Walgreens pharmacy is

4    0050625-11616. The Walgreens gift card number is 6050634374184885.

5            E.      On or about April 7, 2009, T.O. presented her prescription as a new

6    customer to a Rite Aid pharmacy in Aurora, Colorado. The information T.O. provided to the Rite

7    Aid pharmacy informed the pharmacy that she was a beneficiary of a federally funded health care

8    program under Medicare Part D. The pharmacy billed the federal program for the prescription

9    drug and charged T.O. a co-pay. When T.O. asked about the $25 gift card for prescription drug

10    transfers then being advertised by Rite Aid, she was handed a $25 gift card by the Rite Aid

11    employee. The RX identification for the prescription filled for T.O. by the Rite Aid pharmacy is

12    06284 0180578. The Rite Aid gift card number is 6006496635532094963.

13            F.      On or about April 9, 2009, T.O. presented a prescription to the same

14    Walgreens pharmacy in Aurora, Colorado that had provided her a $25 gift card on March 24,

15    2009. The information T.O. provided to the Walgreens pharmacy informed the pharmacy that she

16    was a beneficiary of a federally funded health care program under Medicare Part D. The pharmacy

17    billed the federal program for the prescription drug and charged T.O. a co-pay. When T.O. asked

18    about the $25 gift card for prescription drug transfers then being advertised by Walgreen, she was

19    handed a $25 gift card by the Walgreens employee. The RX number for the prescription filled for

20    Ott by the Walgreens pharmacy is 0051067. The Walgreens gift card number is

21    6050634370152477.

22            G.      On or about April 20, 2009, A.A., who is a beneficiary of a

23    federally funded health care program, presented his prescriptions as a new customer to a

24    Walgreens pharmacy in Cotati, California. The information A.A. provided to the Walgreens

25    pharmacy informed the pharmacy that he was a beneficiary of a federally funded health care

26    program under Medicare Part D. The pharmacy billed the federal program for the prescription

27    drugs and charged A.A. a co-pay. When A.A. asked about the $25 gift card for prescription drug

28

                                          FIRST AMENDED COMPLAINT

1   transfers then being advertised by Walgreen, he was handed a $25 gift card by the Walgreens
2   employee. Walgreens RFN number for the transaction is 0308-4089-8296-0904-1720. The
3   Walgreens gift card number is 6042393158718301. The prescription numbers are 1175198 and
4   1175202.

5       16.    As a result of the defendants' knowing payment of such unlawful remunerations to
6   the beneficiaries and enrollees of federally funded health care programs to induce and reward said
7   beneficiaries and enrollees to purchase prescription drugs from the defendants, wherein such
8   programs paid for such prescription drugs in whole or in part, defendants have knowingly caused
9   false claims to be submitted to the federally funded health care programs resulting in
10  reimbursement to the defendants of millions of dollars from the federally funded health care
11  programs in violation of the Federal False Claims Act, 31 U.S.C. § 3729 et seq., the Federal Anti-
12  Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the Beneficiary Inducements Statute, 42 U.S.C.
13  § 1320a-7a(a)(5). Because of these acts, the United States has suffered monetary damages in an
14  amount which will be proven at trial.

17                                           V.

18  **SECOND CLAIM AGAINST WALGREEN, RITE AID AND CVS**
19  **FOR VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT**

21      17.    Chin incorporates by reference herein the allegations made above in paragraphs
22  1-16, inclusive.
23      18.    By virtue of the above-described acts, among others, defendants have knowingly
24  submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the
25  State of California, false MediCal (California Medicaid) claims for payment or approval for
26  prescription drugs in violation of the California False Claims Act, Cal. Gov. Code §12650 et seq.
27  Because of these acts, the State of California has suffered monetary damages in an amount which

FIRST AMENDED COMPLAINT

- 9 -

will be proven at trial.

## VI.

## THIRD CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE DELAWARE FALSE CLAIMS AND REPORTING ACT

19. Chin incorporates by reference herein the allegations made above in paragraphs 1-16, inclusive.

20. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Delaware, false Medicaid claims for payment or approval for prescription drugs in violation of the Delaware False Claims and Reporting Act, Delaware Statute Title VI, Section 1201. Because of these acts, the State of Delaware has suffered monetary damages in an amount which will be proven at trial.

## VII.

## FOURTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT

21. Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

22. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Florida, false Medicaid claims for payment or approval for prescription drugs in violation of the Florida False Claims Act, Florida Statute §§68.081-68.09. Because of these acts, the State of Florida has suffered monetary damages in an amount which will be proven at trial.

FIRST AMENDED COMPLAINT

- 10 -

**VIII.**

**FIFTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR**

**VIOLATION OF THE GEORGIA FALSE MEDICAID CLAIMS ACT**

23.      Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

24.      By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Georgia, false Medicaid claims for payment or approval for prescription drugs in violation of the Georgia False Medicaid Claims Act, § 49-4-168 et seq. Because of these acts, the State of Georgia has suffered monetary damages in an amount which will be proven at trial.

**IX.**

**SIXTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR**

**VIOLATION OF THE HAWAII FALSE CLAIMS ACT**

25.      Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

26.      By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Hawaii, false Medicaid claims for payment or approval for prescription drugs in violation of the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21 et seq. Because of these acts, the State of Hawaii has suffered monetary damages in an amount which will be proven at trial.

**X.**

**SEVENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR**

**VIOLATION OF THE ILLINOIS WHISTLEBLOWER**

FIRST AMENDED COMPLAINT

- 11 -

**REWARD AND PROTECTION ACT**

27.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

28.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Illinois, false Medicaid claims for payment or approval for prescription drugs in violation of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/3 et seq. Because of these acts, the State of Illinois has suffered monetary damages in an amount which will be proven at trial.

## XI.

### EIGHTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
### VIOLATION OF THE INDIANA
### FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT

29.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

30.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Indiana, false Medicaid claims for payment or approval for prescription drugs in violation of the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-2 et seq. Because of these acts, the State of Indiana has suffered monetary damages in an amount which will be proven at trial.

## XII.

### NINTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR

FIRST AMENDED COMPLAINT

- 12 -

## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE
## PROGRAMS INTEGRITY LAW

31.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

32.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Louisiana, false Medicaid claims for payment or approval for prescription drugs in violation of the Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat. § 46:439.1 et seq. Because of these acts, the State of Louisiana has suffered monetary damages in an amount which will be proven at trial.

## XIII.

## TENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT

33.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

34.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Massachusetts, false Medicaid claims for payment or approval for prescription drugs in violation of the Massachusetts False Claims Act, Mass. Gen. Laws, Ch. 12, § 5(A) et seq. Because of these acts, the State of Massachusetts has suffered monetary damages in an amount which will be proven at trial.

## XIV.

## ELEVENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR

FIRST AMENDED COMPLAINT

- 13 -

## VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT

35.    Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

36.    By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Michigan, false Medicaid claims for payment or approval for prescription drugs in violation of the Michigan Medicaid False Claims Act, M.C.L. 400.601 et seq. Because of these acts, the State of Michigan has suffered monetary damages in an amount which will be proven at trial.

## XV.

## TWELFTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE NEVADA FALSE CLAIMS ACT

37.    Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

38.    By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Nevada, false Medicaid claims for payment or approval for prescription drugs in violation of the Nevada False Claims Act, Nevada Rev. Stat. § 357.010 *et seq.* Because of these acts, the State of Nevada has suffered monetary damages in an amount which will be proven at trial.

## XVI.

## THIRTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE NEW HAMPSHIRE MEDICAID FRAUD
## AND FALSE CLAIMS ACT

FIRST AMENDED COMPLAINT

- 14 -

39.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

40.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of New Hampshire, false Medicaid claims for payment or approval for prescription drugs in violation of the New Hampshire Medicaid Fraud and False Claims Act, New Hampshire Rev. Stat. 167:61 *et seq.* Because of these acts, the State of New Hampshire has suffered monetary damages in an amount which will be proven at trial.

## XVII.

## FOURTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT

41.     Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

42.     By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of New Jersey, false Medicaid claims for payment or approval for prescription drugs in violation of the New Jersey False Claims Act, New Jersey Stat. 2(A):326-1 *et seq.* Because of these acts, the State of New Jersey has suffered monetary damages in an amount which will be proven at trial.

## XVIII.

## FIFTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE NEW MEXICO FALSE CLAIMS ACT

FIRST AMENDED COMPLAINT

- 15 -

43. Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

44. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of New Mexico, false Medicaid claims for payment or approval for prescription drugs in violation of the New Mexico Medicaid False Claims Act, New Mexico Stat. § 27-14-1 *et seq.* Because of these acts, the State of New Mexico has suffered monetary damages in an amount which will be proven at trial.

## XIX.

## SIXTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE RHODE ISLAND STATE FALSE CLAIMS ACT

45. Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

46. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Rhode Island, false Medicaid claims for payment or approval for prescription drugs in violation of the Rhode Island State False Claims Act, Ch.1.1, § 9-1.1-1 *et seq.* Because of these acts, the State of Rhode Island has suffered monetary damages in an amount which will be proven at trial.

## XX.

## SEVENTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT

FIRST AMENDED COMPLAINT

- 16 -

47.    Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

48.    By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Tennessee, false Medicaid claims for payment or approval for prescription drugs in violation of the Tennessee Medicaid False Claims Act, Tenn. Stat. §§ 75-1-181 *et seq.*  Because of these acts, the State of Tennessee has suffered monetary damages in an amount which will be proven at trial.

## XXI.

## EIGHTEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION ACT

49.    Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

50.    By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Texas, false Medicaid claims for payment or approval for prescription drugs in violation of the Texas Medicaid Fraud Prevention Act, Texas Human Resources Code, Ch. 36, § 36.101 *et seq.*  Because of these acts, the State of Texas has suffered monetary damages in an amount which will be proven at trial.

## XXII.

## NINETEENTH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT

51.    Chin incorporates by reference herein the allegations made above in paragraphs 1-

FIRST AMENDED COMPLAINT

- 17 -

1 | 16 inclusive.

2 |      52.      By virtue of the above-described acts, among others, defendants have knowingly

3 | submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the

4 | State of Virginia, false Medicaid claims for payment or approval for prescription drugs in

5 | violation of the Virginia Fraud Against Taxpayers Act, Ch. 3, Title 8.01, Article 19.1 *et seq.*

6 | Because of these acts, the State of Virginia has suffered monetary damages in an amount which

7 | will be proven at trial.

8 |

9 | **XXIII.**

10 | **TWENTIETH CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR**

11 | **VIOLATION OF THE WISCONSIN FALSE CLAIMS**

12 | **FOR MEDICAL ASSISTANCE ACT**

13 |

14 |      53.      Chin incorporates by reference herein the allegations made above in paragraphs 1-

15 | 16 inclusive.

16 |      54.      By virtue of the above-described acts, among others, defendants have knowingly

17 | submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the

18 | State of Wisconsin, false Medicaid claims for payment or approval for prescription drugs in

19 | violation of the Wisconsin False Claims for Medical Assistance Act, W.S.A. § 20.931 *et seq.*

20 | Because of these acts, the State of Wisconsin has suffered monetary damages in an amount which

21 | will be proven at trial.

22 |

23 | **XXIV.**

24 | **TWENTY FIRST CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR**

25 | **VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT**

26 |

27 |

28 | FIRST AMENDED COMPLAINT

- 18 -

55. Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

56. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Oklahoma, false Medicaid claims for payment or approval for prescription drugs in violation of the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. § 5053 *et seq.* Because of these acts, the State of Oklahoma has suffered monetary damages in an amount which will be proven at trial.

## XXV.

## TWENTY SECOND CLAIM AGAINST WALGREEN, RITE AID AND CVS FOR
## VIOLATION OF THE DISTRICT OF COLUMBIA
## FALSE CLAIMS ACT

57. Chin incorporates by reference herein the allegations made above in paragraphs 1-16 inclusive.

58. By virtue of the above-described acts, among others, defendants have knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the District of Columbia, false Medicaid claims for payment or approval for prescription drugs in violation of the District of Columbia False Claims Act, D.C. Stat. § 2-308.03 *et seq.* Because of these acts, the District of Columbia has suffered monetary damages in an amount which will be proven at trial.

## PRAYER

**WHEREFORE,** Plaintiffs pray that judgment be entered as followed:

      A. In an amount equal to three times the amount of damages the United States has sustained because of the defendants' false or fraudulent claims and

FIRST AMENDED COMPLAINT

- 19 -

1       civil penalties up to the maximum permitted by law, for the maximum *qui*

2       *tam* percentage share allowed pursuant to 31 U.S.C. § 3730(d) and for

3       attorney's fees, costs and reasonable expenses;

4    B.    In an amount equal to the maximum amount of damages (multiplied under

5       state and local laws) sustained by the States of California, Delaware,

6       Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts,

7       Michigan, Nevada, New Hampshire, New Mexico, Oklahoma, Rhode

8       Island, Tennessee, Texas, Virginia, Wisconsin, and the District of

9       Columbia because of the defendants' false or fraudulent Medicaid claims

10      and civil penalties up to the maximum permitted by state law, for the

11      maximum *qui tam* percentage share allowed pursuant to state and local

12      laws and for attorney's fees, costs and reasonable expenses; and

13   B.    For any and all other relief to which the plaintiffs may be entitled.

14

15              **JURY DEMAND**

16     Plaintiffs request trial by jury.

17

18 Dated: April 27, 2009        Respectfully Submitted,

19

20             **WARREN ∎ BENSON Law Group**

21

22

23           By:

24           Phillip E. Benson

25           Attorney for *Qui Tam* Plaintiff
            Jack Chin

26

27

28

                    FIRST AMENDED COMPLAINT

- 20 -