1

2

3

4

5

6

7

8

9

10

11

12

13

Phillip E. Benson, CA Bar #97420
Warren ■ Benson Law Group
620 Newport Center Dr., Ste 1100
Newport Beach, CA 92037
Tel: 952-955-3688
Fax: 858-454-5878
philbenson@warrenbensonlaw.com

Patricia A. Stamler, *Pro Hac Vice*
Hertz Schram PC
1760 South Telegraph Road, Ste 300
Bloomfield Hills, MI 48302
Tel: 248-335-5000
Fax: 248-335-3346
pstamler@hertzschram.com

Attorneys for *Qui Tam* Plaintiff
Jack Chin

14

15

16

17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES OF AMERICA,
*et al.* ex rel. Jack Chin,

                Plaintiffs,

        vs.

Walgreen Company, *et al.*,

                Defendants.

Case No.  09-CV-1293 PSG (PJWx)

**QUI TAM PLAINTIFF JACK CHIN'S RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

{H0393353.1}

**In response to the Order to Show Cause Why Defendant Should Not Be Dismissed Under Federal Rule of Civil Procedure 4(m)** (Document 82)**, Qui Tam Plaintiff Jack Chin responds as follows:**

This is an action brought pursuant to the *qui tam* provisions of the False Claims Act against defendants Walgreen Company, Rite Aid and CVS Caremark Corp. As required by 31 U.S.C. § 3730(b), the original Complaint and a First Amended Complaint were filed under seal and remained under seal until the Amended Complaint was unsealed on or about October 5, 2016, along with a small portion of the previously sealed ECF docket.

During the seal period, the US Department of Justice and the relator reached settlement agreements with defendants Walgreen Company and Rite-Aid. As a result of these settlements, both of these defendants have been dismissed from the action. Unable to reach a resolution with defendant CVS, however, the Government notified the Court on March 21, 2016 (Document 75) that it was declining intervention in the action, referring the Court to 31 U.S.C. § 3730(b)(1) which "allows the relator to maintain the action in the name of the United States." The Court then signed the Government's proposed order on March 22, 2016 (Document 76) directing that the "Amended Complaint be unsealed and served upon defendant CVS."  However, the relator's counsel were not served a copy of the unsealing and service Order which remained sealed for several more months.

Following the government's declination, relator's counsel contacted DOJ

{H0393353.1}

2

counsel on several occasions to ascertain the status of the case, since both the entire docket, the amended complaint and any unsealing order remained sealed. On June 8, 2016, relator's counsel contacted the Court's in-court deputy clerk indicating that the relator had no record of being served with an unsealing order and the case had not yet been placed on the public docket. The clerk responded by directing relator's counsel back to the government, indicating that it could not provide copies of sealed documents submitted by other filers. Government counsel then advised that they would follow up on this matter and check with the clerk's office. Relator's counsel then continued to periodically check with DOJ counsel on the unsealing status of this matter. Regular attempts to access the ECF docket for the case showed that it remained sealed.

On October 5, 2016, for the first time, government counsel provided relators a copy of the unsealing order. Thereafter, on October 5, 2016, Relator's counsel was, for the first time, able to access the ECF docket for this matter on Pacer, which included the ability to access the newly unsealed Amended Complaint.

Cases that have examined the Rule 4(m) time requirement for serving a *qui tam* complaint under the False Claims Act have concluded that the clock starts to run once the complaint has been unsealed. *See U.S. ex rel. Budicke v. PECO Energy,* 897 F.Supp.2d 300, 313-314 (E.D. Pa. 2012) ("In an action brought pursuant to the FCA, the 120-day time-period for service mandated by Rule 4(m) begins with the unsealing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of the complaint." (additional citations omitted))[1]. At a minimum, good cause supports extending the period of service under Rule 4(m) to begin to run on the date on which the complaint is unsealed. *See U.S. ex rel. Woods v. Southerncare, Inc.,* 2013 WL 1339375 (S.D. Miss.).

The statutory seal blocked the ability to serve the Amended Complaint until the seal was lifted on or about October 5, 2016. Good cause, therefore, supports tolling the period under Rule 4(m) to serve the *qui tam* complaint while it remained under seal. Thus, the 90 period under the current version of Rule 4(m) to serve the Amended Complaint should be measured from October 5, 2016 and Relator is entitled to serve his Amended Complaint on Defendant on or before January 24, 2017.

Respectfully submitted,

Warren ■ Benson Law Group

Dated: 10/28/2016

/s/ Phillip E. Benson
Phillip E. Benson
Attorney for Qui Tam Plaintiff
Jack Chin

---

[1] Counsel notes that subsequent to the holding in *Budicke*, *supra*, the time limit for serving a Complaint has been decreased from 120 days to 90 days. Fed. R. Civ. P. 4 (m).