Phillip E. Benson, CA Bar #97420
philbenson@warrenbensonlaw.com
Warren ■ Benson Law Group
620 Newport Center Dr., Ste 1100
Newport Beach, CA 92037
Tel: 952-955-3688
Fax: 858-454-5878

[*Additional counsel on following page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, and THE DISTRICT OF COLUMBIA | Case No.: 2:09-CV-01293-PSG-PJW **SECOND AMENDED COMPLAINT** **DEMAND FOR JURY TRIAL** |
| *ex rel.* JACK CHIN, | |
| Plaintiffs, | |
| v. | |
| CVS PHARMACY, INC. a for-profit Delaware Corporation, | |
| Defendant. | |

{H0431583.1}

Patricia A. Stamler, *Pro Hac Vice*
pstamler@hertzschram.com
Hertz Schram PC
1760 South Telegraph Road, Ste 300
Bloomfield Hills, MI 48302
Tel: 248-335-5000
Fax: 248-335-3346

Wilmer J. Harris, SBN 150407
wharris@sshhlaw.com
Schonbrun Seplow Harris & Hoffman LLP
715 Fremont Avenue, Suite A,
South Pasadena, CA 91030
Tel: 626-441-4129
Fax: (626) 283-5770

Michael D. Seplow, SBN 150183
mseplow@sshhlaw.com
Aidan C. McGlaze, SBN 277270
amcglaze@sshhlaw.com
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Blvd.
Los Angeles, CA  90064
Tel: 310-396-0731
Fax: 310-399-7040

Attorneys for *Qui Tam* Plaintiff
Jack Chin

{H0431583.1}

SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Now Comes *Qui Tam* Plaintiff, Jack Chin, by and through his attorneys, hereby files his Second Amended Complaint on behalf of the United States, the States of California, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, and the District of Columbia, and on his own behalf as follows:

## JURISDICTION

1.    This is an action for civil damages and penalties arising under the laws of the United States and the laws of various states to redress violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* both pre-amendment and as amended by the Fraud Enforcement and Recovery Act of 2009, ("FERA"), the Patient Protection and Affordable Care Act ("PPACA") and analogous state laws. This Court has subject matter jurisdiction pursuant to 31 U.S.C. §§ 3732(a) and (b) because Defendant transacts business in this district and can be found in this district. This court has supplemental jurisdiction over the state law claims for violations of the analogous state law statutes under 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b).

## VENUE

2.    Venue is proper in this district under 31 U.S.C. § 3732(a) because the defendant transacts business in this district and can be found in this district.

## PARTIES

3.    *Qui Tam* plaintiff Jack Chin ("Chin") is a citizen of the United States. Chin, who holds a B.S. degree in chemistry from New York University and a Doctorate in Pharmacy from Temple University, has practiced as a licensed pharmacist in the private retail sector for the past two years prior to the filing of the initial complaint. Chin is unaware of any prior public disclosure of the allegations in this case, but if any such public disclosure has occurred, Chin qualifies as an original source.

4.      Defendant CVS Pharmacy, Inc. ("CVS") is a for-profit Delaware corporation that owns and operates a nationwide chain of retail pharmacies under the CVS and Longs Drug brands throughout the United States. CVS is headquartered at One CVS Drive, Woonsocket, Rhode Island 02895.

5.      At all times relevant hereto, Defendant CVS acted through its agents and employees, and the acts of Defendant's agents and employees were within the scope of such agency and employment.

## FIRST CAUSE OF ACTION

## VIOLATION OF 31 U.S.C. §§ 3729(a)(l) and (a)(2)

6.      Chin incorporates by reference herein the allegations made above in paragraphs 1-5, inclusive.

7.      CVS pharmacies are approved suppliers and providers of pharmaceuticals, prescription drugs and other medical supplies to eligible beneficiaries of federally sponsored and funded health care programs, including Medicare, Tricare and Medicaid. Medicare and Tricare are solely funded by the federal government.  Medicare is a health insurance program for the aged and disabled under Title XVIII of the Social Security Act. Part B of Medicare pays for a limited set of outpatient drugs and biologic products. Part C of Medicare, the Medicare Advantage ("MA") Program, provides for prescription drug coverage for eligible Medicare beneficiaries who select to join an MA plan which includes prescription drug coverage. Part D of Medicare pays for expanded outpatient prescription drug coverage to eligible beneficiaries through third-party insurance plans, otherwise known as Part D Plans ("PDPs"). Tricare is an agency of the U.S. Department of Defense that administers and supervises the health care program for certain active duty and retired military personnel and their dependents and pays for prescription drugs supplied by pharmacies to eligible beneficiaries.

8.      Medicaid is medical assistance provided for certain low-income individuals under a state plan approved under Title XIX of the Social Security Act. State Medicaid, which is partially funded by the United States Government and partially

funded by the state, pays for prescription drugs supplied by pharmacies to eligible beneficiaries.    Participation in each state's Medicaid program is determined by regulations set by each state. Generally, each state assigns providers, including participating pharmacies, a unique identification number which is included on each electronic claim for reimbursement. Affixing this number to a claim certifies, under each state's Medicaid regulations, that as a Medicaid provider the pharmacy is in compliance with all applicable state and federal regulations.

9.    The Federal Anti-Kickback Statute prohibits any person or entity from knowingly and willfully offering to pay any remuneration, directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person to purchase, order, or arrange for ordering any good or item for which payment may be made in whole or in part under a federal health care program.   42 U.S.C. § 1320a-7b(b). The related Beneficiary Inducements Statute prohibits "offers to or transfers [of] remuneration to any individual eligible for benefits under [Federal health care programs] that such person knows or should know is likely to influence such individual to order or receive from a particular provider, practitioner or supplier any item or service for which payment may be made, in whole or in part, under [federal health care programs]."   42 U.S.C. § 1320a-7a(a)(5).

10.    As a condition of enrollment as approved suppliers and providers of pharmaceuticals, prescription drugs and other medical supplies to eligible beneficiaries of the federally sponsored health care programs, CVS certified that it understood and agreed that payment of a claim by the federally sponsored health care programs was conditioned on the claim and the underlying transaction complying with the Federal Anti-Kickback Statute, among other laws, regulations and program instructions, including the Beneficiary Inducements Statute. *See e.g.* CMS-855S, Section 15. Additionally, the defendant's pharmacy agreements with various PDPs, MA plans and Pharmacy Benefit Management Plans ("PBMs"), wherein payment to the defendant is made under federally sponsored health care programs, were conditioned on the

defendant's compliance with all applicable laws and regulations, including the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute, and that any covered services provided by the defendant, including the sale of pharmaceuticals, prescription drugs and other medical supplies to eligible beneficiaries of the federally sponsored health care programs, would be done in compliance with their contractual obligations, including compliance with the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute.   Compliance with the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute is a prerequisite to payment of federal funds. A violation of the Federal Anti-Kickback Statute or the Beneficiary Inducements Statutes vitiates a provider's right to receive or retain federal funds arising from the related claim. A claim for payment submitted by a provider that has violated the Federal Anti-Kickback Statute or the Beneficiary Inducements Statute is a false claim for payment in violation of the False Claims Act.

11.   Chin alleges that at various times during the course of at least the last 15 years, the defendant CVS has paid unlawful remuneration to numerous eligible beneficiaries of the federally sponsored health care plans and programs in violation of the Federal Anti-Kickback Statute and the Beneficiary Inducements Statute to induce such persons to purchase, order, or arrange to order or otherwise influence such persons to order prescription drugs and other medical supplies from the defendant's pharmacies for which payment would be made in whole or in part under a federal health care program.

12.   Specifically, defendant has given to such eligible beneficiaries, gift cards valued in the amount of $25 and in other varying amounts which were more than nominal in value in order to induce such beneficiaries to transfer their patronage and to purchase prescription drugs and other medical supplies from the defendant. Defendant knew that such inducements offered to beneficiaries of publicly funded programs were unlawful and expressly acknowledged the unlawfulness of such inducements in the fine print of written materials advertising such gift cards in return for prescription transfers.

[H0431583.1]

13.    Chin first obtained knowledge of the defendant's unlawful practices during his employment as a retail pharmacist by the Sweetbay Supermarket Company which operates a chain of supermarkets in the Southeast United States.

14.    On numerous occasions, Medicare and Medicaid beneficiaries and other federally funded health care program enrollees would present prescription transfer gift cards obtained from CVS pharmacies and other large nation-wide pharmacy chains to him at Sweetbay and request that Sweetbay honor the gift cards as credits against purchases at Sweetbay. In order to remain competitive, Sweetbay would normally honor a competitor's gift cards, except that Chin refused to honor them if he determined that the customer was a Medicare or Medicaid beneficiary or an enrollee in a publicly funded health care program.  These customers informed Chin that the defendant CVS had provided them the gift cards in return for transferring their prescriptions to the defendant's pharmacies and purchasing prescription drugs from the defendant.

15.    In order to confirm the reports that he had received from customers, who were enrollees or beneficiaries of federally funded health care programs, that they had unlawfully received gift cards from the defendant in return for transferring their prescriptions to the defendant's pharmacies and for purchasing prescription drugs from the defendant, Chin decided to investigate. His investigation confirmed that the defendant's unlawful practices are being committed on a nationwide basis.

A.    On February 1, 2009, Chin presented a prescription for his mother-in-law to a CVS pharmacy in Clermont, Florida. The information Chin provided to the CVS pharmacy informed the pharmacy that his mother-in-law was a beneficiary of a federally funded health care program and the pharmacy billed the federal program for the prescription drug. When Chin returned to the pharmacy to pick up the prescription drug, the pharmacy billed the federal program for the prescription drug and gave Chin a $25 gift card for the prescription transfer after Chin asked about the $25 gift card then being advertised by CVS. The receipt received by Chin from the CVS pharmacy also identified the CVS store, the date and time of the transaction, the prescription by an RX

identification number, the co-pay paid by Chin for the prescription drugs and the $25 gift card.

        B.     On April 1, 2009, Chin repeated the same procedure for his father-in-law's drug prescription at a CVS pharmacy in Dothan, Alabama. The information that Chin provided the CVS pharmacy informed the pharmacy that his father-in-law was the beneficiary of a federally funded health care program. The pharmacy billed the federal program for the prescription drug and gave Chin a $25 gift card for the prescription transfer after Chin asked about the $25 gift card then being advertised by CVS. The receipt received by Chin from the CVS pharmacy also identified the CVS store, the date and time of the transaction, the prescription.by an RX identification number, the co-pay paid by Chin for the prescription drugs and the $25 gift card.

        C.     Justin Torpey was a pharmacy technician with CVS in Viera, Florida (Store #4999), between January 2008 and July 2009.  During this time- period, Mr. Torpey personally observed throughout his employment with CVS that:

        i.     $25.00 gift cards were routinely provided, without question, to Medicare, TriCare and Medicaid enrollees who transferred their prescriptions to CVS and presented a CVS coupon at the time of transfer which offered the $25 gift card in return for the prescription transfer;

        ii.     the CVS coupons were widely advertised by CVS and could be obtained from several sources including the internet, local advertising circulars and printed news sources.  Mr. Torpey observed that so long as customers brought a coupon to CVS when they transferred their prescriptions, CVS staff would give them $25 gift cards when they picked up their prescriptions;

        iii.     Mr. Torpey and other CVS employees knew that they were giving $25 gift cards to Medicare, TriCare and Medicaid beneficiaries because the customers' insurance information, including readily recognizable Medicare Par D plans, was included on the prescription labels stapled to the bags containing the prescribed medications that were handed to the customers at the time of their purchase.

iv.    Mr. Torpey observed that whenever an employee raised a question about giving gift cards to Medicare, TriCare and Medicaid enrollees, CVS's response was that employees should do whatever it took to keep their customers happy.

v.    Several months after Mr. Torpey began working for CVS, he attended an open forum meeting at the Viera store conducted by CVS's District Manager.  Staff asked the District Manager about the distribution of gift cards to federal beneficiaries.  The District Manager told staff at the meeting, including Mr. Torpey, that CVS wanted to keep these customers and if a customer insisted on obtaining a gift card when transferring a prescription, they were to find a way to do this.  The District Manager instructed Mr. Torpey and other staff to ring up the gift cards as separate transactions so that they did not appear on the receipt for the prescriptions.

16.    Paula Zorek, was a pharmacy technician and pharmacy technician trainer for CVS from the late 1980's until 2006.  Ms. Zorek observed during her tenure that gift cards were offered to customers who transferred their prescriptions to CVS.  She observed that when the gift card coupon was completed at the register, it required a manager override, which included lead technicians like Ms. Zorek.  Registered Pharmacists ("RPHs") also had the ability to override the system.  Ms. Zorek performed this function only when she was able to determine that federal funds were not attached to the prescription coverage.  Ms. Zorek observed that other management staff did not ask pharmacy staff if the customer was a federal beneficiary.  Most of the gift card transactions provided in exchange for the transfer of a prescription were handled by store managers at CVS store # 1917.  In addition, Ms. Zorek observed during her tenure large signs and banners in the store stating CVS accepted competitors' coupons.

17.    As recently as April 3, 2014, Ms. Zorek presented two prescription transfers from a Rite Aid store 01981 in Harrisburg PA to CVS store 8979.  CVS filled both prescriptions bearing her husband's name and Medicare insurance information.  Ms. Zorek presented the Rite Aid coupon to the technician at the register who was ringing up the sale.  The technician called for the RPH and the store manager, Tiffany, who

advised Ms. Zorek that the transaction would be completed, with the prescriptions and one over the counter item rung on the transaction. Then, the pharmacy manager and the store manager, performed a second transaction for the $25 gift card using a code that the pharmacy manager suggested. Ms. Zorek was then handed a $25 gift card and her purchase and the Medicare prescription card she used to bill the purchase.

18.    As a result of the defendant's knowing payment of such unlawful remunerations to the beneficiaries and enrollees of federally funded health care programs to induce and reward said beneficiaries and enrollees to purchase prescription drugs from the defendant, wherein such programs paid for such prescription drugs in whole or in part, defendant has knowingly caused false claims to be submitted to the federally funded health care programs resulting in reimbursement to the defendant of millions of dollars from the federally funded health care programs in violation of the Federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the Beneficiary Inducements Statute, 42 U.S.C. § 1320a-7a(a)(5). Because of these acts, the United States has suffered monetary damages in an amount which will be proven at trial.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA FALSE CLAIMS ACT

19.    Chin incorporates by reference herein the allegations made above in paragraphs 1-18, inclusive.

20.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of California, false MediCal (California Medicaid) claims for payment or approval for prescription drugs in violation of the California False Claims Act, Cal. Gov. Code §12650 *et seq*. Because of these acts, the State of California has suffered monetary damages in an amount which will be proven at trial.

[H0431583.1]

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE DELAWARE
### FALSE CLAIMS AND REPORTING ACT

21.   Chin incorporates by reference herein the allegations made above in paragraphs 1-20, inclusive.

22.   By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Delaware, false Medicaid claims for payment or approval for prescription drugs in violation of the Delaware False Claims and Reporting Act, Delaware Statute Title VI, Section 1201. Because of these acts, the State of Delaware has suffered monetary damages in an amount which will be proven at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT

23.   Chin incorporates by reference herein the allegations made above in paragraphs 1-22, inclusive.

24.   By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Florida, false Medicaid claims for payment or approval for prescription drugs in violation of the Florida False Claims Act, Florida Statute §§68.081-68.09. Because of these acts, the State of Florida has suffered monetary damages in an amount which will be proven at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE GEORGIA FALSE MEDICAID CLAIMS ACT

25.   Chin incorporates by reference herein the allegations made above in paragraphs 1-24, inclusive.

26.   By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Georgia, false Medicaid claims for payment or approval for

prescription drugs in violation of the Georgia False Medicaid Claims Act, § 49-4-168 *et seq.* Because of these acts, the State of Georgia has suffered monetary damages in an amount which will be proven at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE HAWAII FALSE CLAIMS ACT

27.    Chin incorporates by reference herein the allegations made above in paragraphs 1-26, inclusive.

28.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Hawaii, false Medicaid claims for payment or approval for prescription drugs in violation of the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21 *et seq.* Because of these acts, the State of Hawaii has suffered monetary damages in an amount which will be proven at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER

## REWARD AND PROTECTION ACT

29.    Chin incorporates by reference herein the allegations made above in paragraphs 1-28, inclusive.

30.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Illinois, false Medicaid claims for payment or approval for prescription drugs in violation of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/3 *et seq.* Because of these acts, the State of Illinois has suffered monetary damages in an amount which will be proven at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE INDIANA

## FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT

31.    Chin incorporates by reference herein the allegations made above in

paragraphs 1-30, inclusive.

32.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Indiana, false Medicaid claims for payment or approval for prescription drugs in violation of the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-2 *et seq.* Because of these acts, the State of Indiana has suffered monetary damages in an amount which will be proven at trial.

## NINTH  CAUSE OF ACTION

## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW

33.    Chin incorporates by reference herein the allegations made above in paragraphs 1-32, inclusive.

34.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Louisiana, false Medicaid claims for payment or approval for prescription drugs in violation of the Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat. § 6:439.1 *et seq.* Because of these acts, the State of Louisiana has suffered monetary damages in an amount which will be proven at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT

35.    Chin incorporates by reference herein the allegations made above in paragraphs 1-34, inclusive.

36.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Massachusetts, false Medicaid claims for payment or approval for prescription drugs in violation of the Massachusetts False Claims Act, Mass. Gen. Laws, Ch. 12, § 5(A) *et seq.* Because of these acts, the State of Massachusetts has

1   suffered monetary damages in an amount which will be proven at trial.

2                        **ELEVENTH CAUSE OF ACTION**

3       **VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT**

4       37.   Chin incorporates by reference herein the allegations made above in

5   paragraphs 1-36 inclusive.

6       38.   By virtue of the above-described acts, among others, CVS has knowingly

7   submitted, and continues to submit, directly or indirectly, to officers, employees or

8   agents of the State of Michigan, false Medicaid claims for payment or approval for

9   prescription drugs in violation of the Michigan Medicaid False Claims Act, M.C.L.

10  400.601 *et seq.* Because of these acts, the State of Michigan has suffered monetary

11  damages in an amount which will be proven at trial.

12                        **TWELFTH CAUSE OF ACTION**

13          **VIOLATION OF THE NEVADA FALSE CLAIMS ACT**

14      39.   Chin incorporates by reference herein the allegations made above in

15  paragraphs 1-38, inclusive.

16      40.   By virtue of the above-described acts, among others, CVS has knowingly

17  submitted, and continues to submit, directly or indirectly, to officers, employees or

18  agents of the State of Nevada, false Medicaid claims for payment or approval for

19  prescription drugs in violation of the Nevada False Claims Act, Nevada Rev. Stat.§

20  357.010 *et seq.*  Because of these acts, the State of Nevada has suffered monetary

21  damages in an amount which will be proven at trial.

22                        **THIRTEENTH CAUSE OF ACTION**

23      **VIOLATION OF THE NEW HAMPSHIRE MEDICAID FRAUD**

24                        **AND FALSE CLAIMS ACT**

25      41.   Chin incorporates by reference herein the allegations made above in

26  paragraphs 1-40, inclusive.

27      42.   By virtue of the above-described acts, among others, CVS has knowingly

28  submitted, and continues to submit, directly or indirectly, to officers, employees or

[H0431583.1]

agents of the State of New Hampshire, false Medicaid claims for payment or approval for prescription drugs in violation of the New Hampshire Medicaid Fraud and False Claims Act, New Hampshire Rev. Stat. 167:61 *et seq.* Because of these acts, the State of New Hampshire has suffered monetary damages in an amount which will be proven at trial.

## FOURTEENTH CAUSE OF ACTION
## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT

43.   Chin incorporates by reference herein the allegations made above in paragraphs 1-42, inclusive.

44.   By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of New Jersey, false Medicaid claims for payment or approval for prescription drugs in violation of the New Jersey False Claims Act, New Jersey Stat. 2(A):326-1 *et seq.* Because of these acts, the State of New Jersey has suffered monetary damages in an amount which will be proven at trial.

## FIFTEENTH FIRST CAUSE OF ACTION
## VIOLATION OF THE NEW MEXICO FALSE CLAIMS ACT

45.   Chin incorporates by reference herein the allegations made above in paragraphs 1-44, inclusive.

46.   By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of New Mexico, false Medicaid claims for payment or approval for prescription drugs in violation of the New Mexico Medicaid False Claims Act, New Mexico Stat. § 27-14-1 *et seq.* Because of these acts, the State of New Mexico has suffered monetary damages in an amount which will be proven at trial.

## SIXTEENTH CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA FALSE CLAIMS ACT

47.   Chin incorporates by reference herein the allegations made above in

paragraphs 1-46, inclusive.

48.     By virtue of the above-described acts, among others, Defendant has knowingly submitted, and continue to submit, directly or indirectly, to officers, employees or agents of the State of Oklahoma, false Medicaid claims for payment or approval for prescription drugs in violation of the Oklahoma Medicaid False Claims Act, 63 OK Stat. § 63-5053 (2014), *et seq.*  Because of these acts, the State of Oklahoma has suffered monetary damages in an amount which will be proven at trial.

## SEVENTEENTH CAUSE OF ACTION

## VIOLATION OF THE RHODE ISLAND STATE FALSE CLAIMS ACT

49.     Chin incorporates by reference herein the allegations made above in paragraphs 1-48, inclusive.

50.     By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Rhode Island, false Medicaid claims for payment or approval for prescription drugs in violation of the Rhode Island State False Claims Act, Ch.l.1, § 9-1.1-1 *et seq.*  Because of these acts, the State of Rhode Island has suffered monetary damages in an amount which will be proven at trial.

## EIGHTEENTH CAUSE OF ACTION

## VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT

51.     Chin incorporates by reference herein the allegations made above in paragraphs 1-50. inclusive.

52.     By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Tennessee, false Medicaid claims for payment or approval for prescription drugs in vio1ation of the Tennessee Medicaid False Claims Act, Tenn. Stat.§§ 75-1-181 *et seq.*  Because of these acts, the State of Tennessee has suffered monetary damages in an amount which will be proven at trial.

## NINETEENTH CAUSE OF ACTION
## VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION ACT

53.    Chin incorporates by reference herein the allegations made above in paragraphs 1-52, inclusive.

54.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Texas, false Medicaid claims for payment or approval for prescription drugs in violation of the Texas Medicaid Fraud Prevention Act, Texas Human Resources Code, Ch. 36, § 36.101 *et seq.* Because of these acts, the State of Texas has suffered monetary damages in an amount which will be proven at trial.

## TWENTIETH CAUSE OF ACTION
## VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT

55.    Chin incorporates by reference herein the allegations made above in paragraphs 1-54, inclusive.

56.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Virginia, false Medicaid claims for payment or approval for prescription drugs in violation of the Virginia Fraud Against Taxpayers Act, Ch. 3, Title 8.01, Article 19.1 *et seq.*  Because of these acts, the State of Virginia has suffered monetary damages in an amount which will be proven at trial.

## TWENTY-FIRST CAUSE OF ACTION
## VIOLATION OF THE WISCONSIN FALSE CLAIMS
## FOR MEDICAL ASSISTANCE ACT

57.    Chin incorporates by reference herein the allegations made above in paragraphs 1-56, inclusive.

58.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the State of Wisconsin, false Medicaid claims for payment or approval for

{H0431583.1}

prescription drugs in violation of the Wisconsin False Claims for Medical Assistance Act, W.S.A. § 20.931 *et seq.* Because of these acts, the State of Wisconsin has suffered monetary damages in an amount which will be proven at trial.

### TWENTY-SECOND CAUSE OF ACTION
### VIOLATION OF THE DISTRICT OF COLUMBIA

59.    Chin incorporates by reference herein the allegations made above in paragraphs 1-58, inclusive.

60.    By virtue of the above-described acts, among others, CVS has knowingly submitted, and continues to submit, directly or indirectly, to officers, employees or agents of the District of Columbia, false Medicaid claims for payment or approval for prescription drugs in violation of the District of Columbia False Claims Act, D.C. Stat.§ 2-308.03 *et seq.* Because of these acts, the District of Columbia has suffered monetary damages in an amount which will be proven at trial.

### PRAYER

WHEREFORE, Plaintiffs pray that judgment be entered as followed:

A.    In an amount equal to three times the amount of damages the United States has sustained because of the defendant's false or fraudulent claims and civil penalties up to the maximum permitted by law, for the maximum *qui tam* percentage share allowed pursuant to 31 U.S.C. § 3730(d) and for attorney's fees, costs and reasonable expenses;

B.    In an amount equal to the maximum amount of damages (multiplied under state and local laws) sustained by the States of California, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, and Wisconsin, and the District of Columbia, because of the defendant's false or fraudulent Medicaid claims and civil penalties up to the maximum permitted by state law, for the

[H0431583.1]

maximum *qui tam* percentage share allowed pursuant to state and local laws and for attorney's fees, costs and reasonable expenses; and

C. For any and all other relief to which the Plaintiffs may be entitled.

Dated: May 22, 2017                                Respectfully submitted,

                                                   Warren ∎ Benson Law Group

                                                   Hertz Schram PC

                                                   Schonbrun Seplow Harris &
                                                   Hoffman LLP


                                                   */s/ Philip E. Benson*
                                                   Phillip E. Benson

                                                   Attorneys for *Qui Tam* Plaintiff
                                                   Jack Chin

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY DEMAND

Plaintiffs request trial by jury on all claims.

Dated: May 22, 2017

Respectfully submitted,

Warren ■ Benson Law Group

Hertz Schram PC

Schonbrun Seplow Harris & Hoffman LLP

*/s/ Philip E. Benson*
Phillip E. Benson

Attorneys for *Qui Tam* Plaintiff Jack Chin