**SPERTUS, LANDES & UMHOFER, LLP**
1990 S. Bundy Drive #705
Los Angeles, CA 90025
Telephone: 310.826.4700
Facsimile: 310.826.4711
Matthew D. Umhofer (SBN 206607)
matthew@spertuslaw.com

*Attorneys for Defendant CVS Pharmacy, Inc.*

**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Facsimile: (310) 399-7040
Michael D. Seplow (SBN 150183)
mseplow@sshhlaw.com

*Attorneys for Relator Jack Chin*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JACK CHIN,<br><br>　　　　　Plaintiffs,<br>v.<br><br>CVS PHARMACY, INC.,<br><br>　　　　　Defendant. | **Case No.: CV 09-1293-PSG(PJWx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Assigned to Hon. Philip S. Gutierrez |

## I. Purpose and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order. This Order authorizes the parties to produce, receive, and use potentially sensitive, non-public information, including commercially sensitive, proprietary, trade secret, or other confidential information; information protected from discovery by third-party rights of privacy or applicable law; or Protected Health Information as defined in 45 C.F.R. § 160.103, concerning identifiable individuals without obtaining those individuals' consent, provided such information is designated as Protected Material under this Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. Definitions

2.1 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.2 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.3 Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL."

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.7 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.8 Party: any party to this action and their Outside Counsel of Record.

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10 Receiving Party: a party that receives Protected Material.

## III. Scope

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## IV. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. Designating Protected Material

5.1 Manner and Timing of Designations. Except as otherwise provided below or as otherwise stipulated or ordered, Disclosure or Discovery Material must be clearly designated as Protected Material at the time the material is disclosed or produced.

Designation as Protected Material in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Designating Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify all Protected Material as "CONFIDENTIAL" on

the record, before the close of the deposition, hearing, or other proceeding, or, in the case of depositions, designate the entirety of the deposition as "CONFIDENTIAL" with the right to identify specific portions of the deposition transcript as "CONFIDENTIAL" within 30 days following receipt of the deposition transcript and request of any Party.

        (c)    for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrants designation as "CONFIDENTIAL," the Designating Party, to the extent practicable, shall identify the portion(s) that are Protected Material.

    5.2    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a "CONFIDENTIAL" designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order.

### VI. Challenging Confidentiality Designations

    6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time.

    6.2    Meet and Confer. The Receiving Party shall initiate the dispute resolution process under Local Civil Rule 37-1 et seq. by providing written notice of each designation it is challenging and a short and plain statement describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall follow Magistrate Judge Walsh's procedures regarding discovery motions.

      6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

**VII.  Access to and Use of Protected Material**

      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Party or Non-Party in connection with the above-captioned litigation only for prosecuting, defending, or attempting to settle the above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of part XIII below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5
STIPULATED PROTECTIVE ORDER

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)     the Receiving Party's Counsel and legal assistants and support staff under the supervision of such Counsel;

(b)     the officers, directors, and employees (with the exception of House Counsel, to whom Section 7.2(a) applies) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     the court and its personnel, and any jury empaneled or selected to hear the case;

(d)     court reporters and their staff;

(e)     professional vendors retained by the Receiving Party or its Counsel for purposes of litigation support, including legal interpreters, document reproduction services, computer imaging services, demonstrative exhibit services, contract attorneys for purposes of document review, or outside document review vendors;

(f)     persons with specialized knowledge or experience retained by the Receiving Party or its Counsel to serve as an expert witness or as a consultant in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the Receiving Party shall notify the Designating Party at least 10 (ten) days prior to disclosure pursuant to this Paragraph to a person who is known to be an employee of any competitor of the party whose Protected Material is sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If the Designating Party objects to the disclosure (for reasons other than challenging the qualifications of the expert or consultant), it must serve on the Receiving Party proposing to make the disclosure a written objection within ten (10) days after service

of the notice. Any resulting dispute shall be resolved according to the procedures set forth in Paragraph 6.2–6.3;

  (g) professional jury or trial consultants or mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (h) any mediator or settlement officer, mutually agreed upon by any of the Parties, and his or her supporting personnel, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

  (j) the author or recipient of a document containing the Protected Material or a custodian who otherwise possessed the document containing the Protected Material.

## VIII. Protected Material Subpoenaed or Other Compulsory Production of Protected Material

If a Receiving Party is served with a subpoena or other compulsory process or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Receiving Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, compulsory process, or court order;

  (b) promptly notify in writing the party who caused the subpoena, compulsory process, or order to issue in the other litigation that some or all of the material covered by the subpoena, compulsory process, or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena, compulsory process, or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A Non-Party's Protected Material Sought to be Produced in this Litigation

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. Inadvertent Production of Privileged or Otherwise Protected Material

When a Designating Party gives notice that certain Disclosure or Discovery Material contains material subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Pursuant to Federal Rule of Evidence 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those documents,

9
STIPULATED PROTECTIVE ORDER

including the attorney–client privilege, work product protection, and any other privilege or protection recognized by law. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a Party discloses privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

## XII. Miscellaneous

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

12.4 HIPAA Qualified Protective Order. It is the intent of the Parties that this Order be deemed a "qualified protective order" under HIPAA, as set forth in the implementing regulations for that statute found at 42 C.F.R section 164.512(e).

## XIII. Final Disposition

Within 60 days after the final disposition of this action, as defined in Part IV, and after receiving a request from the Designating Party, each Receiving Party must return all Protected Material to the Designating Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

(1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Part IV.

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of United States *ex rel.* Chin v. CVS Pharmacies, Inc., Case No. CV 09-1293-PSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

Printed name: _____

Signature: _____

| | |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 |     Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the ECF filer of this Stipulation, |
| 3 | Matthew Umhofer, attests that all other signatories listed below, and on whose behalf |
| 4 | the filing is submitted, concur in the filing's content and have authorized the filing. |

Dated: _____  **SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**

By: *s/ Michael D. Seplow*
    Michael D. Seplow
    *mseplow@sshhlaw.com*
    *Attorney for Qui Tam Plaintiff Jack Chin*

**SPERTUS, LANDES & UMHOFER, LLP**

By: s/Matthew Donald Umhofer
    Matthew Donald Umhofer
    *matthew@spertuslaw.com*
    *Attorney for Defendant CVS Pharmacy, Inc*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED: __NOVEMBER 17, 2017____

*[signature: Patrick J. Walsh]*
_____
HON. PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE