1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SPERTUS, LANDES & UMHOFER, LLP**
1990 S. Bundy Drive #705
Los Angeles, CA 90025
Telephone: 310.826.4700
Facsimile: 310.826.4711
Matthew D. Umhofer (SBN 206607)
matthew@spertuslaw.com

**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Enu Mainigi (admitted pro hac vice)
emainigi@wc.com
Holly Conley (admitted pro hac vice)
hconley@wc.com
Anne Rucker (admitted pro hac vice)
arucker@wc.com
Benjamin Hazelwood (admitted pro hac vice)
bhazelwood@wc.com
James Kirkpatrick (admitted pro hac vice)
jkirkpatrick@wc.com

*Attorneys for Defendant CVS Pharmacy, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JACK CHIN,<br><br>                    Plaintiff,<br>v.<br><br>CVS PHARMACY, INC.,<br><br>                    Defendant. | **Case No.: CV 09-1293-PSG**<br><br>**DECLARATION OF WILLIAM F. BOYD IN SUPPORT OF CVS PHARMACY, INC.'S APPLICATION TO SEAL**<br><br>Date:          March 11, 2019<br>Time:          1:30 PM<br>Courtroom:  6A<br><br>Assigned to Hon. Philip S. Gutierrez |

DECLARATION OF WILLIAM F. BOYD

I, William F. Boyd, hereby affirm that I am over 18 years of age and am competent to make the following Declaration:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge.

2. I have been employed by CVS Pharmacy, Inc. ("CVS") since 1994. I currently hold the position of IT Director for the Rx Data Warehouse.

3. In this position, I am familiar with CVS's point-of-sale and pharmacy-dispensing computer systems, including the process by which these systems were developed and refined over time.

4. I make this Declaration at CVS's counsel's request in support of CVS's Application for Leave to File Statement of Uncontroverted Facts and Certain Exhibits Thereto Under Seal.

5. Certain documents that CVS has produced to the Relator in this matter contain sensitive information that CVS takes steps to keep confidential. This information includes (1) details regarding the structure and scope of the data that CVS archives regarding both point-of-sale and pharmacy transactions, which reveals key details regarding the functionality and use to which CVS's proprietary computer systems are put; and (2) specifics regarding the evolution of CVS's propriety pharmacy-dispensing computer system, the disclosure of which would extinguish the competitive edge that CVS obtains from spending significant resources developing and refining that system to this day.

6. One key element of the operations of CVS's retail pharmacies are the proprietary computer systems that CVS developed for both point-of-sale transactions and pharmacy-dispensing. Every aspect of these systems is the result of CVS's expenditure of significant time and money to develop, validate, and refine each computer system.

7. Disclosure of information regarding the data that these systems store, how that data is structured, and how the systems developed over time would reveal

key aspects of CVS's process for supporting its retail pharmacies using state-of-the-art and constantly evolving computer systems, which CVS has developed and continues to refine and utilize to this day.

8.     Because the details of this business process involve highly confidential, proprietary, and trade-secret information, CVS has taken reasonable steps to ensure the confidentiality of such information. In particular, CVS's employees are required to sign Non-Disclosure Agreements that prevent them from disclosing information obtained during their employment, including information related to proprietary aspects of CVS's computer systems.  Such information is also subject to CVS's corporate policy restricting access to and disclosure of information designated as confidential.  Access to some of the information is also limited to certain CVS employees and many of the documents containing such information are stamped to make clear that they must be kept confidential by employees.

9.     CVS has taken these steps because public disclosure of the information would cause serious injury to CVS's business interests. CVS operates in the highly competitive pharmacy industry and public disclosure of the methods that CVS has developed—at considerable expense and expenditure of time—to maintain its competitive edge would permit CVS's competitors to have access to these processes for use in the operation of their own pharmacies.  In light of these concerns, CVS seeks to maintain the following portions of two documents under seal:  Ex. 21 to Second Declaration of Benjamin Hazelwood (Dietz Report) ¶¶ 48, 51–52, 55; Ex. 38 to Second Declaration of Benjamin Hazelwood (Gaier Report) ¶¶ 16–18.

SECOND DECLARATION OF WILLIAM F. BOYD

1    I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3        Executed this 14th day of January, 2019, in Woonsocket, Rhode Island.
4
5
6
7                              William F. Boyd
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

SECOND DECLARATION OF WILLIAM F. BOYD