**SPERTUS, LANDES & UMHOFER, LLP**
1990 S. Bundy Drive #705
Los Angeles, CA 90025
Telephone: 310.826.4700
Facsimile: 310.826.4711
Matthew D. Umhofer (SBN 206607)
matthew@spertuslaw.com

**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Enu Mainigi (admitted pro hac vice)
emainigi@wc.com
Holly Conley (admitted pro hac vice)
hconley@wc.com
Anne Rucker (admitted pro hac vice)
arucker@wc.com
Benjamin Hazelwood (admitted pro hac vice)
bhazelwood@wc.com
James Kirkpatrick (admitted pro hac vice)
jkirkpatrick@wc.com

*Attorneys for Defendant CVS Pharmacy, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JACK CHIN,<br><br>                    Plaintiff,<br>v.<br><br>CVS PHARMACY, INC.,<br><br>                    Defendant. | **Case No.: CV 09-1293-PSG**<br><br>**DECLARATION OF SCOTT A. GREGORY IN SUPPORT OF CVS PHARMACY, INC.'S APPLICATION TO SEAL**<br><br>Date:          March 11, 2019<br>Time:          1:30 PM<br>Courtroom:     6A<br><br>Assigned to Hon. Philip S. Gutierrez |

DECLARATION OF SCOTT A. GREGORY

I, Scott Gregory, hereby affirm that I am over 18 years of age and am competent to make the following Declaration:

1.      I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge.

2.      I have been employed by CVS Pharmacy, Inc. ("CVS") since 2008.  I currently hold the position of Vice President of Pharmacy and Minute Clinic Marketing.

3.      In this position, I am familiar with CVS's marketing practices regarding its retail-pharmacy customers, including CVS's processes regarding pharmacy-customer and marketing analytics.

4.      I make this Declaration at CVS's counsel's request in support of CVS's Application for Leave to File Statement of Uncontroverted Facts and Certain Exhibits Thereto Under Seal.

5.      Documents that CVS produced to the Relator in this matter contain highly sensitive consumer and marketing analytics information that CVS takes steps to keep confidential.  This information includes (1) market research conducted regarding the behavior of members of CVS's ExtraCare customer-rewards program, which reveals key details regarding the behavior of CVS's customer base and analyses by CVS of that behavior; and (2) documents setting forth contemplated marketing programs to compete in the highly competitive retail-pharmacy industry, which reveal details of CVS's business strategy and potential initiatives.  Disclosure of the information contained in those documents would extinguish the competitive edge that CVS obtains from spending significant resources on marketing analytics and the incubation of new business initiatives related to its retail pharmacies.

6.      CVS spends significant time and money to conduct market research and analytics regarding existing and potential customers, and to develop and refine new ideas for marketing programs or lines of business.  Disclosure of information regarding such analytics, CVS's interpretations thereof, and the consideration of

business or marketing proposals would reveal key aspects of CVS's thinking regarding marketing priorities as well as details of CVS's proprietary analysis of its customer base and competitive position.  These details from past years continue to inform CVS's understanding of its customers and business today and therefore remain highly sensitive.

7.     Because the details of CVS' marketing analytics and development of business or marketing proposals involve highly confidential, proprietary, and trade-secret information, CVS has taken reasonable steps to ensure the confidentiality of such information. In particular, CVS's employees are required to sign Non-Disclosure Agreements that prevent them from disclosing information obtained during their employment, including information related to analyses of CVS customer behavior and development of new initiatives.  Such information is also subject to CVS's corporate policy restricting access to and disclosure of information designated as confidential.  Access to some of the information is also limited to certain CVS employees and many of the documents containing such information are stamped to make clear that they must be kept confidential by employees.

8.     CVS has taken these steps because public disclosure of the information would cause serious injury to CVS's business interests. Public disclosure of the marketing information, analysis, and proposals that CVS has developed—at considerable expense and expenditure of time—to maintain its competitive edge would permit CVS's competitors to have access to that information for use in the operation of their own pharmacies.  In light of these concerns, CVS seeks to maintain the following portions of two documents under seal:   Ex. 37 to Second Declaration of Benjamin Hazelwood (Albright Report) at 8, 13–14, 33–44; Ex. 38 to Second Declaration of Benjamin Hazelwood (Gaier Report) ¶¶ 11, 41, 47 & nn.76–77.

DECLARATION OF SCOTT A. GREGORY

Executed this 14th day of January, 2019, in Woonsocket, Rhode Island.

Scott A. Gregory

3